IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| TODD KENNETH HOROB, ) | |
| ) | Cause No. CV-09-156-BLG-RFC |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER ADOPTING FINDINGS |
| ) | AND RECOMMENDATIONS OF |
| McCONE COUNTY, ) | U.S. MAGISTRATE JUDGE |
| ) | |
| Defendant. ) | |
| ) | |

United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendation (*Doc. 52*) with respect to McCone County's Motion for Summary Judgment. (*Doc. 34*).

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Horob has filed timely objections. (*Doc. 53*). Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). For the following reasons, Horob's objections are overruled.

1

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

**Denial of Medical Care – State Law Negligence Claim**

In response to Defendant's Motion for Summary Judgment, Horob argues his blood pressure issues had been going on for days while he was incarcerated in Valley County and he could not medical help because McCone County refused to give Valley County permission for him to get medical treatment. *(Doc. 35-4)*. He argues "[a]ny doctor will tell you that high of [sic] blood pressure that is reported is a lead to a stroke." *(Doc. 39 at 3)*. Horob presents no admissible medical evidence to raise a genuine issue of material fact on this issue.

Defendant correctly argues that evidence of causation must be proved with expert medical testimony unless the cause of injury is obvious. *Moralli v. Lake County*, 255 Mont. 23, 30-31, 839 P.2d 1287, 1291 (1992); *Cain v. Stevenson*, 218 Mont. 101, 105, 706 P.2d 128, 131 (1985). The only testimony regarding causation came from Horob when he opined that any doctor would say high blood pressure can cause a stroke. Horob is not trained in medical issues and cannot demonstrate causation. Summary judgment is appropriate.

## Denial of Medical Care – Federal Claims

Horob's inability to establish causation as set forth above is also fatal to his federal medical care claim. Summary judgment is appropriate.

## Americans with Disabilities Act Claim

Defendant argues that Horob provided no evidence that he had a physical impairment that substantially limited a major life activity, as required by 42 U.S.C. § 12102. Defendant also argues that Horob could not be regarded as having an impairment since the only date on which there is evidence that Horob was in a wheelchair was on April 2, 2009 and an individual is not regarded as having an impairment if the impairment is transitory (less than six months). *See* 42 U.S.C. § 12102(3)(B).

Because Horob provided no evidence as to what disability he suffered from on April 2, 2009, it is impossible to find that he is a qualified individual with a disability. Summary judgment is appropriate.

## Montana Human Rights Act Claim

Mont. Code Ann. § 49-2-512(1) requires a party to exhaust administrative remedies prior to filing a Montana Human Rights Act claim. Horob testified at his deposition that he did not file a complaint with any state or federal agency regarding the lack of accessibility to the McCone County Courthouse. (*Doc. 35-4*

3

*Horob deposition p. 6, lns. 5-14).* Further, as previously discussed, there is no evidence that Horob was actually disabled on April 2, 2009. Summary Judgment is appropriate.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (*Doc. 34*) is **GRANTED**.

The Clerk of Court is directed to enter Judgment in favor of Defendant and close this case. The Clerk of Court is also directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 28th day of December, 2010.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

4